835 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Denis M. BAILEY.
 No. 87-1363.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1987.
 
 Before RICH, EDWARD S. SMITH, and NIES, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board), sustaining the rejection under 35 USC 112, 1st paragraph, of claims 1-4 in appellant's application serial No. 537,197, filed September 29, 1983, is affirmed.
 
 OPINION
 
 2
 The board properly questioned the sufficiency of the disclosure, given Dr. Narayanan's letter which indicates that the claimed method was ineffective against certain types of malignant cells. The burden was therefore on appellant to rebut the challenge, if possible, with proper evidence. See, e.g., In re Ghiron, 442 F.2d 985, 992, 169 USPQ 723, 728 (CCPA 1971).
 
 
 3
 Given the high level of skill in the art, and a policy favoring early disclosure of compounds which have potential for significant therapeutic use, see In re Bundy, 642 F.2d 430, 434, 209 USPQ 48, 52 (CCPA 1981), we are sympathetic toward appellant's assertion that "the only experimentation required to practice the claimed invention is the use of standardized tests known to and routinely used by those of ordinary skill." But this contention is simply not supported by evidence of record. Mere attorney assertions do not suffice.
 
 
 4
 The only standardized tests disclosed in the record are the protocols set forth in Cancer Chemotherapy Reports. As the board recognized, however, these are screening tests--a starting point. There is no evidence that from these tests one skilled in the art could determine which mammals and malignant cells could be successfully treated and at what dosages.
 
 
 5
 Nor has appellant shown that the art is aware of successful treatments with chemically analogous compounds. Dr. Narayanan indicated that the compound used in appellant's method is "somewhat structurally related" to Busulfan. The evidence does not show, however, how one skilled in the art would extrapolate knowledge from the clinical use of Busulfan to the clinical use of the compounds used in the claimed method.
 
 
 6
 Accordingly, we must affirm the board.